IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI,
JACKSON DIVISION

**SHARON JOHNSON, individually and on the
behalf of the wrongful death beneficiaries of
ESTELLA MOORE, deceased
PLAINTIFFS**

**VS.**                                                                 **CIVIL ACTION NO. 3:06cv428-WHB-LRA**

**KUHLMAN CORPORATION, A
DELAWARE CORPORATION, ET AL.**
                                                                              **DEFENDANTS**

## AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

Pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure and Uniform Local Rule 83.6, it is stipulated and ordered as follows:

1.   This Confidentiality and Protective Order ("Confidentiality Order") shall govern the handling of Confidential Discovery Material, as defined herein, produced by any party or non-party in this litigation.

2.   The following definitions shall apply to this Confidentiality Order:

(a)   "Parties" shall mean and refer to the Plaintiffs and each Defendant; (b) "Qualified Person(s)" shall mean and refer to:

(i)   Counsel of record for each party and employees of counsel who assist in the conduct of this litigation, including employees of any firm retained to reproduce Confidential Discovery Material;

(ii) Experts or consultants retained by counsel for the purpose of providing expert testimony in this litigation;

(iii) The individual parties and the corporate Defendants' in-house counsel as well as the corporate Defendants' officers, directors, or employees that counsel for the Defendants deem necessary to participate in the conduct of this litigation;

(iv) The corporate Defendants' officers, directors or employees who are noticed for deposition or designated as trial witnesses and other persons who counsel for a party in good faith believes may be fact or expert witnesses to the extent deemed necessary by counsel to prepare the witness to testify;

(v) Deponents, and their counsel, during the course of depositions taken in this action;

(vi) Court reporters and persons preparing transcripts of depositions;

(vii) The Court and Court personnel; and

(viii) Other persons upon order of the Court, or written agreement by the person or entity that produced or disclosed the Confidential Discovery Material.

(c) "Documents" shall mean "documents" as is defined by Rule 34(a) of the Federal Rules of Civil Procedure.

(d) "Confidential Discovery Material" shall mean and refer to documents, or parts thereof, which counsel for the producing person or entity in good faith believes contains or discloses trade secrets or other confidential research, development or commercial information that would be entitled to confidential status under Rule 26(c) of the Federal Rules of Civil Procedure. Confidential Discovery Material shall also include transcripts, notes, summaries of depositions, or parts thereof, and/or responses to requests for admissions or interrogatories in which Confidential Discovery Material is discussed or disclosed. Such transcripts, notes, summaries and/or responses must be treated as Confidential Discovery Material.

3. Any party or non-party producing Confidential Discovery Material must designate such discovery material as Confidential, by marking it "Confidential" in bold lettering. Prior to marking any discovery material Confidential, counsel for the producing party or non-party must make a good faith determination that the material contains Confidential Discovery Material.

4. Confidential Discovery Material shall be used solely for purposes of the prosecution and/or defense of this action and shall be disclosed only to Qualified Persons, except as provided by court order or by written agreement of counsel for the party that disclosed the material. Any party or non-party seeking to use Confidential Discovery Material for another purpose or seeking to disclose Confidential Discovery Material to non-Qualified Persons must file a motion with the Court seeking relief from these provisions.

5. Before disclosing any Confidential Discovery Material to any Qualified Person other than the Court and Court Personnel, counsel shall advise each individual of the terms of this Confidentiality Order, provide the individual with a copy of this Confidentiality Order, and obtain

from the individual a signed copy of the Confidentiality Order acknowledging and agreeing to be bound by its terms. The original of the signed statement shall be maintained in the possession of counsel for the party disclosing the Confidential Discovery Material during the pendency of this action. The acknowledgment signed by the individual shall provide that the individual will use the Confidential Discovery Material solely for purposes of this case; will not disclose the Confidential Discovery Material; will destroy all such Confidential Discovery Material, including erasing all information maintained in electronic form on any computer or disc or tape, within 60 days after the conclusion of this litigation; and will consent to the jurisdiction of this Court for purposes of enforcing this Confidentiality Order.

6. Any portion of a deposition which contains or refers to Confidential Discovery Material may within ten (10) days of receipt of the deposition transcript be marked Confidential, and shall, thereafter, be placed in a separate portion of the transcript, and will be subject to the procedures set forth in this Confidentiality Order.

7. Whenever Confidential Discovery Material is discussed or disclosed in a deposition, any counsel of record may exclude from the room any person who is not a Qualified Person.

8. In the event a party or other person seeks to file Confidential Discovery Material with the Court, or otherwise seeks to make such material a part of the Court record, the party or person shall file a motion pursuant to Uniform Local Rule 83.6 requesting to file the material under seal. All documents or pleadings ordered to be filed under seal shall be filed in a sealed envelope on which shall be written the title of this action, an explanation of the nature of the contents, and a statement in substantially the following form:

"CONFIDENTIAL – This envelope contains documents that, pursuant to a Confidentiality Order of the Court, are filed in this case by (name of party), and is not to be opened, nor are the contents thereof to be displayed or revealed, except by further order of the Court."

9. Prior to the commencement of any public hearing or trial, the Court shall establish procedures for the use of Confidential Discovery Material at such hearing or trial. This Confidentiality Order shall not constitute a waiver by any party to the use of the Confidential Discovery Material for any purpose at any hearing or at trial.

10. If any party objects to the designation of any discovery material as Confidential, the objecting party shall notify the producing person or entity in writing within fourteen (14) days of receipt of the produced material. Thereafter, the objecting party must, within ten (10) days, file a motion seeking a ruling that such discovery material should not be treated as confidential. The producing party shall have the burden of proof with regard to this motion. If an objection is not filed within the fourteen (14) day objection period or if a motion is not filed within the ten (10) day objection period, the objecting party shall be deemed to have waived its right to challenge a "Confidentiality" designation.

11. The termination of this action shall not relieve Qualified Persons from the obligation of maintaining the confidentiality of all Confidential Discovery Material produced and designated pursuant to this Confidentiality Order, unless the Court orders or permits otherwise. Within 60 days of the final termination of this action, each Qualified Person who has received Confidential Discovery Material shall destroy, or arrange for counsel to destroy, such discovery materials and shall certify that all confidential documents in their possession have been destroyed, including copies. Qualified Persons shall not be required to return or destroy any documents

containing any work product or any documents otherwise filed with the Court provided any such documents continue to be maintained in accordance with this Confidentiality Order. The return of such discovery materials shall be acknowledged in writing by the party producing the subject Confidential Discovery Material.

12. In the event additional persons or entities become a party to this litigation, these parties shall be subject to this Confidentiality Order.

13. All Qualified Persons to whom Confidential Discovery Material is disclosed, whether or not they execute a copy of this Confidentiality Order, shall be subject to the jurisdiction of this Court for purposes of enforcing this order. This Confidentiality Order shall continue to be binding after the conclusion of the litigation, and this Court reserves jurisdiction over all Qualified Persons to whom such information was disclosed for the purpose of enforcing this order.

ORDERED, this the 10th day of October, 2006.

S/Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE

**AGREED TO AND APPROVED:**

s/James L. Jones
James L. Jones
Scott W. Pedigo
W. Davis Frye
Eric Hospodor
BAKER, DONELSON, BEARMAN, CALD WELL & BERKOWITZ, P.C.

*Counsel for Defendants Pharmacia Corporation, Monsanto Company and Pfizer, Inc.*

_____
James B. McHugh
Michael J. Fuller, Jr.
McHUGH FULLER LAW GROUP

*Counsel for Plaintiff*


_____
James W. Shelson
PHELPS DUNBAR, LLP

*Counsel for Defendants Borg Warner, Inc. and Kuhiman Corporation, a Delaware Corporation*


_____
Katherine K. Smith
Kenneth E. Milam
WATKINS & EAGER

*Counsel for Defendant Kuhlman Electric Corporation*


_____
Robert 0. Allen
William R. Allen
ALLEN, ALLEN, BREELAND & ALLEN

*Counsel for Defendants Fountain Construction Company and Vaughan Construction Company*


_____
Richard M. Dye
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC

*Counsel for Defendant Usry Architects, P.A.*