**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

SHARON JOHNSON, individually and on
behalf of the wrongful death beneficiaries
of ESTELLA MOORE, deceased                                                                    PLAINTIFFS

VS.                                                         **CIVIL ACTION NO. 3:06CV428-TSL-LRA**

KUHLMAN CORPORATION,
A DELAWARE CORPORATION, ET AL.                                                   DEFENDANTS

**ORDER**

This cause is before the court on the motion of Pharmacia Corporation, Monsanto Company, and Pfizer, Inc., joined by Kuhlman Corporation, a Delaware Corporation, Kuhlman Electric Corporation, BorgWarner, Inc., Fountain Construction Company, Vaughan Construction Company, Inc. and Usry Architects, P.A. (collectively the "Defendants") for dismissal with prejudice of all claims asserted in the Complaint by Sharon Johnson ("Plaintiff"), individually and on behalf of the wrongful death beneficiaries of Estella Moore.  The Court, having considered the parties' arguments, concludes as follows:

Pursuant to the Case Management Order governing this case, the Plaintiff was required to make certain disclosures relating to alleged exposures to PCBs, medical conditions, work history, personal injury claims, property claims and blood or bodily tissue testing data within sixty (60) days of the entry of the Case Management Order.  The Plaintiff's disclosures were due on November 21, 2006.  The Plaintiff failed to make the required disclosures on that date.

On November 22, 2006, counsel for the Plaintiff filed a Motion to Withdraw as Counsel and to Stay.  The Magistrate Judge issued an order granting the Motion to Withdraw and to Stay on

December 8, 2006 (the "Order").  A copy of the Order was delivered to the Plaintiff by certified mail on December 11, 2006.

In the Order, the Plaintiff was granted thirty (30) days within which to make the disclosures required under the Case Management Order.  Further, the Order stated that the Plaintiff's failure to make these disclosures would result in a recommendation that the case be dismissed.  The Plaintiff failed to make the required disclosures.

Also in the Order, the Plaintiff was granted thirty (30) days within which to employ private counsel or to notify the clerk in writing that the Plaintiff will proceed to represent herself.  The Order stated that failure to obtain new counsel or notify the clerk that she will proceed pro se would result in the case being subject to dismissal.   The Plaintiff failed to comply with the Order.

The Plaintiff failed to comply with the requirements of the Order granting the Motion to Withdraw.  The Defendants filed the present motion to dismiss on January 12, 2007 and served the motion on the Plaintiff through certified mail on January 13, 2007.  The Plaintiff failed to respond to the Defendants' Motion to Dismiss.

Accordingly, it is ordered that the Defendants' motion to dismiss with prejudice is hereby granted.

ORDERED on this the 1st day of February, 2007.

/s/ Tom S. Lee  
U. S. DISTRICT COURT JUDGE